NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3267

GUSTAVO A. CORRAL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

---

DECIDED: March 8, 2006

---

Before RADER, SCHALL, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

DECISION

Gustavo A. Corral petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of his removal by the Department of the Navy ("agency"). <u>Corral v. Dep't of the Navy</u>, No. SF-315H-04-0169-I-1 (M.S.P.B. May 11, 2005) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

In late 2002, the agency hired Mr. Corral into the New Professional Program under the agency Career Intern Program pursuant to 5 C.F.R. § 213.3202(o). The Standard Form 50 ("SF-50") documenting Mr. Corral's appointment stated that his appointment was to the excepted service under 5 C.F.R. § 213.3203(o). The "Remarks" section of the SF-50 also noted that the appointment was subject to a two-year trial period.[1] On December 4, 2003, Mr. Corral received notice that his employment was being terminated for inappropriate behavior, failure to follow procedures, and failure to follow instructions. The letter referenced 5 C.F.R. § 213.3203(o) and 5 C.F.R. § 315.804.

Mr. Corral appealed his removal to the Board. On January 6, 2004, the Board informed him that it might not have jurisdiction over his appeal because he was appointed to an excepted service position and had only been in the position for 11 months. The Board advised Mr. Corral that he had the burden or proving jurisdiction by a preponderance of the evidence pursuant to 5 C.F.R. § 1201.56(a)(2)(i). Mr. Corral responded that he had the right to appeal under 5 C.F.R. § 315.806(c) because the agency did not issue advance written notice of the proposed termination and did not allow him to make a response. The agency then filed a motion to dismiss for lack of jurisdiction on the basis that Mr. Corral was not an "employee" as defined by 5 U.S.C. § 7511(a)(1)(C)(ii) (2000).

---

[1] The SF-50 stated that Mr. Corral was subject to a trial period beginning on November 18, 2002, but the agency takes the position that the date was a typographical error and that the trial period actually began on December 30, 2002.

The administrative judge ("AJ") to whom the case was assigned concluded in an initial decision that Mr. Corral had failed to make a non-frivolous allegation that the Board had jurisdiction over his appeal. Corral v. Dep't of the Navy, No. SF-315H-04-0169-I-1, slip op. at 3 (M.S.P.B. April 20, 2004). The AJ determined that Mr. Corral was a non-preference eligible who was not given an initial appointment pending conversion to the competitive service, so under section 7511(a)(1)(C)(ii) he could only appeal if he had completed "2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." Id., slip op. at 3-5. The AJ found that it was undisputed that Mr. Corral had not completed two years of service as required. Id., slip op. at 4-5.

The AJ's initial decision became the final decision of the Board when the Board determined that Mr. Corral's petition for review failed to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). An appeal involving a question of the Board's jurisdiction presents an issue of law that we review de novo. Campion v. Merit Sys. Prot. Bd., 326 F.3d 1210, 1212 (Fed. Cir. 2003).

05-3267                                    3

The Board's jurisdiction is not plenary. Van Wersch v. Dep't of Health & Human Servs., 197 F.3d 1144, 1147 (Fed. Cir. 1999). Rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. Id. The Board has the authority to adjudicate appeals of adverse personnel actions taken by federal agencies against their employees. 5 U.S.C. §§ 1204(a)(1), 7512, 7513(d), and 7701(a) (2000).

Section 7701(a) states that "appeals shall be processed in accordance with regulations prescribed by the Board." Pursuant to 5 C.F.R. § 1201.56, "the appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . issues of jurisdiction." 5 C.F.R. § 1201.56 (2004). As this court recognized in Garcia v. Department of Homeland Security,

> under 5 U.S.C. §§ 7701 and 7512, once a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, then the claimant has a right to a hearing. At the hearing, the claimant must prove jurisdiction by a preponderance of the evidence. If the Board determines that the claimant fails to prove jurisdiction by a preponderance of the evidence, then the Board does not have jurisdiction and the case is dismissed for lack of jurisdiction.

2006 U.S. App. LEXIS 3214, at *64 (Fed. Cir. Feb. 10, 2006). The Garcia court explained that non-frivolous allegations are "allegations that, if proven, can establish the Board's jurisdiction". Id. at *21.

On appeal, Mr. Corral does not contend that he met the requirements of 5 U.S.C. § 7511(a)(1)(C)(ii). Rather, he challenges the Board's dismissal by arguing that (1) the agency "made a mockery of the ordered discovery"; (2) the AJ's decision was improperly based solely on the record and he is entitled to a jurisdictional hearing under Ferdon v. U.S. Postal Service, 60 M.S.P.R. 325 (1994); (3) the AJ failed to draw an adverse inference that the agency was withholding documentation that would have

established that he was an employee in the competitive service under 5 U.S.C. § 7511(a)(1)(A); (4) the AJ failed to address his argument that his status was improperly changed from "competitive" to "excepted"; and (5) the AJ ignored the alleged improper actions on the part of the agency during the termination process.

We see no error in the decision of the Board that it lacked jurisdiction in this case. The Board properly applied the law when it required Mr. Corral to raise a non-frivolous allegation with respect to jurisdiction to obtain a hearing. See 5 U.S.C. § 7701(a); Garcia, 2006 U.S. App. LEXIS 3214, at *64. Mr. Corral's only allegation that he is an employee as defined by section 7511(a)(1), and thus entitled to appeal an adverse personnel action, is that the agency withheld documentation that he was a "competitive" employee and that the agency improperly changed his forms from "competitive" to "excepted." The Board is correct that these arguments do not raise a non-frivolous allegation with respect to jurisdiction to entitle Mr. Corral to a jurisdictional hearing. As the Garcia court recognized, non-frivolous allegations are "allegations that, if proven, can establish the Board's jurisdiction". 2006 U.S. App. LEXIS 3214, at *21. Mr. Corral's allegation that the government forged documents and is withholding other documents is pure speculation. Further, his argument that the government is withholding documents that would prove he is an employee is frivolous. The AJ is not required to draw an "adverse inference" that the government was withholding documents and, in this case, there is absolutely no evidence supporting such a claim. In addition, the AJ did not err in ruling that the agency's erroneous reference to 5 C.F.R. § 315.804 (which applies only to competitive service employees) cannot, alone, provide a basis for jurisdiction. Mr. Corral has not made a non-frivolous allegation that, if

proven, would demonstrate that he is an employee as defined by section 7511(a)(1), and thus entitled to appeal an adverse personnel action.

Mr. Corral's other allegations—namely that the agency "made a mockery of the ordered discovery", that the AJ's decision was improperly based solely on the record, and that the agency's allegedly improper actions during the termination process were ignored—are also not nonfrivolous allegations entitling him to a jurisdictional hearing. With respect to the first argument, this is essentially the same argument that we determined above is frivolous in connection with the charge of withholding documents. Second, it is appropriate for the AJ to make a decision on the record when there are no nonfrivolous allegations supporting jurisdiction. See Garcia, 2006 U.S. App. LEXIS 321, at *64. Finally, the agency's actions during the termination process are irrelevant to the issue of whether Mr. Corral has made nonfrivolous allegations that he is an employee as defined by section 7511(a)(1).

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.