NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3145

SHEILA D. ST. CLAIR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Sheila D. St. Clair, of Germantown, Maryland, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3145

SHEILA D. ST. CLAIR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC315H070364-I-1.

_____

DECIDED:  July 31, 2008

_____

Before NEWMAN, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

NEWMAN, Circuit Judge.

Sheila D. St. Clair, pro se, appeals the decision of the Merit Systems Protection Board, Docket No. DC-315H-07-0354-I-1, dismissing her appeal for untimeliness and lack of jurisdiction, on the ground that Ms. St. Clair was in probationary status at the time of her

removal.  We agree that her status was probationary and that it was not continuous with her earlier tenured employment; and that the dismissal was in accordance with law.

BACKGROUND

Ms. St. Clair entered the federal service as a career-conditional employee at the National Institutes of Health in November, 1977 subject to an initial probationary period, which she completed on November 3, 1979.  On November 4, 1979 she transferred to a temporary appointment at the National Bureau of Standards (now the National Institute of Standards and Technology (NIST)).  She received a career conditional appointment on August 24, 1980, and became a career tenured employee on November 20, 1980.  Ms. St. Clair remained at the agency for the next fifteen years, resigning her position as a writer-editor in 1995.

On May 21, 2001 Ms. St. Clair returned to NIST as an office automation assistant. The Notice of Personnel Action form (SF-50) stated that her career appointment status was subject to the completion of a one-year probationary period.  The SF-50 also contained "remarks" that she had completed the service requirement for career tenure during her prior employment.  On November 19, 2001 Ms. St. Clair's supervisor terminated her employment.  A Human Resources Specialist, who was present, told Ms. St. Clair that her appeal rights were very limited because she was a probationary employee, and advised her to resign voluntarily lest her record be forever tainted.  Ms. St. Clair met with a former supervisor and a director two days later to discuss the matter.  The former supervisor advised her that she had no rights as a probationary employee, after which Ms. St. Clair signed the resignation form.

Ms. St. Clair thereafter pursued several avenues of relief, stating that her resignation was not voluntary. None was successful. On February 8, 2007, Ms. St. Clair appealed to the MSPB, stating that despite her probationary status, based on her past service from 1977-1995 she had a right of appeal, and that the agency terminated her without informing her of that right. She stated that she only learned of her right to appeal by reading an article on the MSPB's web site. On June 8, 2007 an administrative judge dismissed Ms. St. Clair's appeal. The full Board denied review, and this appeal followed.

## DISCUSSION

Decisions of the MSPB are reviewed to determine whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Removal from employment is appealable to the MSPB by a person who is an "employee" under 5 U.S.C. §7511(a) on the removal date. Section 7511(a) as then in effect defined "employee" as follows:

§7511 (a) For the purpose of this subchapter--
(1) "employee" means—
  (A) an individual in the competitive service--
    (i) who is not serving a probationary or trial period under an initial appointment; or
    (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;
  (B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions--
    (i) in an Executive agency; or
    (ii) in the United States Postal Service or Postal Regulatory Commission; and
  (C) an individual in the excepted service (other than a preference eligible)--
    (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less;
>
> ...

5 U.S.C. §7511(a)(2000). Appeal to the MSPB must be filed within thirty days of the effective date of the removal, 5 C.F.R. §1201.22(b), but if the petitioner demonstrates good cause, the Board may waive the time limit for filing the appeal. 5 C.F.R. §§ 1201.12, 1201.22(c), 1201.56(a)(2)(ii).

The MSPB found that Ms. St. Clair's appeal was untimely because it was filed more than five years after the 30-day deadline of December 19, 2001. The Board found that Ms. St. Clair did not show good cause for the delay, for she did not show circumstances beyond her control, unavoidable casualty, or excusable neglect that affected her ability to comply with the 30-day time limit. The Board found that the agency's termination letter correctly told her of her right to appeal if she believed the termination was the result of partisan political or marital status discrimination, the only grounds available to probationary employees.

Ms. St. Clair argues that during the five years after her termination, often with advice from agency representatives, she diligently attempted to have her case heard in various tribunals, with no success. She states that she only recently discovered that her probationary status did not preclude this appeal, although no agency so advised her. She states that this court's decisions in Van Wersch v. Department of Health & Human Services., 197 F.3d 1144 (Fed. Cir. 1999), and McCormick v. Dep't of the Air Force, 307 F.3d 1339 (Fed. Cir. 2002), provide appeal rights under the alternative definition of "employee" in §7511(a)(1)(A)(ii) because she had "completed one year of current continuous service under other than a temporary appointment limited to 1 year or less"

during her service from 1977 to 1995. Although the facts in <u>Van Wersch</u> involved subsection §7511(a)(1)(C) instead of §7511(a)(1)(A), <u>McCormick</u> held that the same reasoning applies to both subsections.

The Board rejected Ms. St. Clair's argument that she was an employee under §7511(a)(1)(A)(ii), explaining that "current continuous service" in that provision requires that there was no break in employment, citing 5 C.F.R. §752.402(b);

> §752.402(b) Current continuous employment means a period of employment or service immediately preceding an adverse action in the same or similar positions without a break in Federal civilian employment of a workday.

The Board pointed out that Ms. St. Clair had a break in service, unlike the petitioners in <u>McCormick</u> and <u>Van Wersch</u>. The Board also declined to apply the <u>McCormick</u> decision because it was issued after her termination in 2001; the Board stated that its decision in <u>Porter v. Department of Defense</u>, 98 M.S.P.R. 461 (2005), making <u>McCormick</u> retroactive to pending cases, did not apply to Ms. St. Clair because her case was not then pending.

Ms. St. Clair does not meet the requirements of "current continuous service," for there was a five year interruption between her past service and the service from which she was removed. Although Ms. St. Clair stresses that she had "reinstatement rights" based on her earlier position, such rights do not negate the requirement of continuous service, and did not preclude the imposition of a probationary period in the position she entered after six years of absence.

The Board, reviewing Ms. St. Clair's arguments, also ruled that she did not rebut the presumption of voluntariness, for she did not show that her action was the product of duress or coercion, misleading or deceptive information, or that she was mentally incompetent. Although Ms. St. Clair states that the merits of the voluntariness of her

resignation have never been adjudicated, the MSPB correctly ruled that Ms. St. Clair had no appeal rights, for she did not meet the definition of "employee" in 5 U.S.C. §7511(a). The Board's dismissal must be <u>affirmed</u>.

No costs.