Monique VAN WERSCH, Petitioner,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,** Respondent.

No. 98–3372.

United States Court of Appeals, Federal Circuit.

Dec. 15, 1999.

John P. Mahoney, Passman & Kaplan, P.C., of Washington, DC, argued for petitioner. With him on the brief was Joseph V. Kaplan.

Tara A. Hurley, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director.

Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

Monique Van Wersch petitions for review of the final decision of the Merit Systems Protection Board (Board) that dismissed for lack of jurisdiction her appeal of her removal by the Department of Health and Human Services (agency). *See Van Wersch v. Department of Health & Human Servs.*, 80 M.S.P.R. 470 (1998) (or-

der). The Board dismissed Ms. Van Wersch's appeal because it concluded that, at the time of her removal, she was not an "employee" as that term is defined in 5 U.S.C. § 7511(a)(1)(C),[1] and therefore did not have appeal rights under 5 U.S.C. § 7701(a). Because the Board's decision is contrary to the plain language of the statute, we reverse and remand.

## BACKGROUND

The pertinent facts are not in dispute. Ms. Van Wersch, a nonpreference eligible,[2] began her employment with the agency on March 26, 1989, when she was hired in a temporary position in the competitive service.[3] Later, she was converted to an excepted service position[4] pursuant to 5 C.F.R. § 213.3102(u).[5] Section 213.3102(u) allows agencies to appoint "severely physically handicapped persons" to excepted service positions. Pursuant to the regulation, Ms. Van Wersch was under a temporary appointment pending conversion to the competitive service. *See* 5 C.F.R. § 213.3102(u)(1) (The "executive civil service" includes "[p]ositions ... filled by severely physically handicapped persons who: ... [u]nder a temporary appointment have demonstrated their ability to perform the duties satisfactorily.... Upon completion of 2 years of satisfactory service under this authority, the employee may qualify for conversion to competitive status...."). The Office of Personnel Management (OPM) has determined that these types of appointments, "made with the intent of converting the employee to an appointment in the competitive service[,]" initially are served under a probationary or trial period. 57 Fed.Reg. 20041 (1992). Thus, in her § 213.3102(u) position, Ms. Van Wersch was a nonpreference eligible

serving a probationary period under an initial appointment pending conversion to the competitive service.

In January of 1993, Ms. Van Wersch was promoted under § 213.3102(u) to the position of GS-3 Clerk–Typist. She served in that position for two years and eight months without being converted to the competitive service. On September 6, 1995, the agency removed her for alleged unacceptable conduct.

Ms. Van Wersch filed an appeal with the Board. As discussed more fully below, only an "employee," as that term is defined in 5 U.S.C. § 7511(a)(1), may appeal to the Board. In response to a motion by the agency, the administrative judge (AJ) dismissed the appeal for lack of jurisdiction because she concluded that Ms. Van Wersch was excluded from the definition of "employee" in 5 U.S.C. § 7511(a)(1)(C), and therefore had no right of appeal. *See Van Wersch v. Department of Health & Human Servs.*, No. DC–0752–96–0049–I–1 (Feb. 6, 1996) (first initial decision).

On petition for review, the Board summarily affirmed the AJ's first initial decision insofar as it was based upon the determination that Ms. Van Wersch did not qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(C). However, the Board remanded the appeal to the AJ in order for her to address whether the agency had converted Ms. Van Wersch to the competitive service, thereby making her an "employee" under 5 U.S.C. § 7511(a)(1)(A). *See Van Wersch v. Department of Health & Human Servs.*, 72 M.S.P.R. 662 (1996) (opinion and order).

On remand, the AJ determined that Ms. Van Wersch had failed to establish that

---

1. All statutory references are to the 1994 version of the United States Code.

2. The term "preference eligible" is defined in 5 U.S.C. § 2108(3).

3. The "competitive service" is described in 5 U.S.C. § 2102.

4. The "excepted service" consists of those civil service positions which are not in the competitive service or the Senior Executive Service. *See* 5 U.S.C. § 2103.

5. Unless otherwise indicated, all references to regulations are to regulations as set forth in the 1994 Code of Federal Regulations.

she had been converted to the competitive service so as to bring her within the definition of "employee" in 5 U.S.C. § 7511(a)(1)(A). *See Van Wersch v. Department of Health & Human Servs.*, No. DC–0752–96–0049–B–3 (Dec. 23, 1997) (second initial decision). On August 6, 1998, the AJ's second initial decision became the final decision of the Board when the Board denied Ms. Van Wersch's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115 (1998). *See Van Wersch v. Department of Health & Human Servs.*, 80 M.S.P.R. 470 (1998) (order).

On appeal, Ms. Van Wersch only seeks review of the Board's decision that she was not an "employee" with appeal rights under 5 U.S.C. § 7511(a)(1)(C). She does not appeal the Board's decision that she was not converted to the competitive service and therefore not an "employee" under 5 U.S.C. § 7511(a)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703; *Kewley v. Department of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

The jurisdiction of the Board is not plenary. Rather, it is limited to those matters specifically entrusted to it by statute, rule, or regulation. *See Todd v. Merit Sys. Protection Bd.*, 55 F.3d 1574, 1576 (Fed.Cir.1995). An appellant has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See Forest v. Merit Sys. Protection Bd.*, 47 F.3d 409, 410 (Fed.Cir.1995). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo. See id.*

## I.

Pursuant to 5 U.S.C. § 7701(a), "[a]n employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." A removal is an action that is appealable to the Board. *See* 5 U.S.C. §§ 7512(1), 7513(d). Thus, Ms. Van Wersch's ability to appeal to the Board turns on whether she was an "employee" at the time of her removal by the agency.

The term "employee" is defined in 5 U.S.C. § 7511(a)(1), which provides as follows:

(a) For the purposes of this subchapter—

(1) "employee" means—

(A) an individual in the competitive service—

(i) who is not serving a probationary or trial period under an initial appointment; or

(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;

(B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—

(i) in an Executive agency; or

(ii) in the United States Postal Service or Postal Rate Commission; and

(C) an individual in the excepted service (other than a preference eligible)—

(i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (ii) who has completed 2 years of current continuous service in the same or

similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

As noted above, Ms. Van Wersch is not appealing the Board's determination that she was never converted to the competitive service, which would have made her an "employee" under 5 U.S.C. § 7511(a)(1)(A). In addition, at the time of her removal, Ms. Van Wersch was a nonpreference eligible in an excepted service position. Consequently, she could not qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(B), which applies only to preference eligibles in the excepted service. Thus, Ms. Van Wersch could only appeal to the Board if, at the time of her removal, she qualified as an "employee" under 5 U.S.C. § 7511(a)(1)(C).

It is undisputed that, at the time of her removal, Ms. Van Wersch was "serving a probationary or trial period under an initial appointment pending conversion to the competitive service." It also is undisputed that, at the time of her removal, she had "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." Thus, as far as the language of the statute is concerned, Ms. Van Wersch is excluded from the definition of an "employee" in 5 U.S.C. § 7511(a)(1)(C)(i). However, she fits within the definition of an "employee" in 5 U.S.C. § 7511(a)(1)(C)(ii). The question before us, then, is whether an individual who is excluded under subsection (i), such as Ms. Van Wersch, nevertheless is an "employee" if he or she meets the criteria of subsection (ii).

## II.

 It is axiomatic that statutory construction begins with the language of the statute itself. *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1579, 16 USPQ2d 1614, 1618 (Fed. Cir.1990). If the language is clear, the plain meaning of the statute will be regarded as conclusive. *See id.*

Turning to the language of the statute, the two subsections of 5 U.S.C. § 7511(a)(1)(C) are joined by the conjunction "or." The plain meaning of "or" is disjunctive. *See* Webster's Third New International Dictionary 1585 (1986) (stating that "or" is "a function word to indicate . . . an alternative between different or unlike things, states, or actions"). Thus, read literally, the statute says that Ms. Van Wersch is an "employee" if she meets the requirements of either subsection (i) or (ii) of 5 U.S.C. § 7511(a)(1)(C). Ms. Van Wersch takes this literal approach, arguing that because she fits within the wording of subsection (ii) (*i.e.,* she has "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less"), she is an "employee" with a right of appeal to the Board. For its part, the government argues that, the plain language of the statute notwithstanding, Congress did not want to extend appeal rights to nonpreference eligibles, like Ms. Van Wersch, who are serving probationary or trial periods in the excepted service pending conversion to the competitive service. Consequently, it intended to exclude such individuals from the definition of "employee" in the statute. In making this argument, the government points to the legislative history of 5 U.S.C. § 7511(a)(1)(C).

## III.

 Subsections (i) and (ii) of § 7511(a)(1)(C) were enacted as part of the Civil Service Due Process Amendments of 1990(DPA), Pub.L. No. 101–376, 104 Stat. 461 (1990) (codified in relevant part at 5 U.S.C. §§ 7511(a)(1)(C)(i), 7511(a)(1)(C)(ii)). Prior to the enactment of the DPA, "temporary employees in the excepted service did not have the right to appeal adverse actions to the board because they did not fall within a category of

eligible federal employees." *Todd,* 55 F.3d at 1577. The DPA was meant to remedy that state of affairs.

On August 2, 1989, Representative Gerry Sikorski, the Chairman of the House Committee on Post Office and Civil Service, introduced H.R. 3086, a bill that amended § 7511 to grant appeal rights to selected members of the excepted service. *See* 135 Cong. Rec. 18188, 18194 (1989). OPM opposed the bill on the ground that existing agency grievance systems provided sufficient protections for excepted service employees. *See* Excepted Service Appeal Rights: Hearings on H.R. 3086 Before the Subcomm. on the Civil Service of the House Comm. on Post Office and Civil Service, 101st Cong. 101–23 (1989) (statement of Constance Berry Newman, Director, Office of Personnel Management). The House passed the bill, in amended form, on November 6, 1989. *See* 135 Cong. Rec. 27185, 27187 (1989). The bill, as passed by the House, provided in pertinent part as follows:

§ 7511. Definitions; application

(a) For the purpose of this subchapter—

(1) "employee" means—

. . . . .

(C) an individual in the excepted service (other than a preference eligible) who has completed 1 year of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 1 year or less.

H.R. 3086, 101st Cong. (1989). As can be seen, this language is identical to 5 U.S.C. § 7511(a)(1)(C)(ii) in its present form, except that, in each place where it appears, "1 year" has been replaced by "2 years."

Subsequently, the Senate Committee on Governmental Affairs amended the statute, as set forth in H.R. 3086, into its present form. On the Senate floor, Senator Pryor, on behalf of the committee, explained the amendment and the reason for it:

The Office of Personnel Management originally opposed H.R. 3086. However, after reviewing their position, OPM [p]roposed certain changes to the bill which would eliminate its objections. OPM recommended that there should be a 2–year waiting period before excepted service personnel would receive the procedural protections; that excepted service personnel in probationary or trial positions should not be eligible for the protections, and that the Panama Canal Commission, the Defense Intelligence Agency and other intelligence officers and employees of the military departments should be excluded from coverage from H.R. 3086.

The subcommittee has agreed to accept these suggestions. The 2–year waiting period [sic] excepted service personnel will ensure that the agency can fully judge an employee's performance and yet vest these employees with important job protections. The exclusion for probationary or trial positions is intended to address specific job situations. Presidential management interns and veterans readjustment appointees currrently [sic] serve for a 2–year probationary period. Under H.R. 3086, for the 2 years those employees spend as excepted service, they will not be eligible for procedural protections. However, immediately upon their conversion to the competitive service, the employee will be eligible for appeal rights without having to wait another year. The probationary exclusion will cover situations such as students in certain cooperative education programs. These student [sic] can serve in the excepted service for 4 years during their schooling. Again, if converted to the competitive service, appeals rights will be immediately available.

136 Cong. Rec. 20365, 20366 (1990). There was no other debate or discussion about the bill. The Senate passed the bill as

reported from the committee, with a minor amendment presented by Senator Pryor that is not relevant to this case. *See id.* On August 3, 1990, the House passed the bill, as amended by the Senate, without debate or discussion. *See* 136 Cong. Rec. 22488, 22489 (1990).

A subsequent House Report on the activities of the House Committee on Post Office and Civil Service recounted the circumstances surrounding the passage of H.R. 3086:

> On July 30, 1990, the Senate passed H.R. 3086 with amendments. The Senate amendments were based on an agreement with the Administration and required excepted service[ ] employees to have completed 2 years of continuous service (rather than only 1 year under the House bill) before they are afforded appeal rights; excluded from coverage excepted service employees who are serving probationary or trial periods pending conversion to the competitive service; and excluded employees of the Panama Canal Commission, the Defense

Intelligence Agency, and intelligence activities of military departments.

H. Rep. No. 101–1022, at 7 (1991).

The legislative history, the full extent of which is set forth above, indicates the following: (1) The House version of the bill—which, except for the difference between one and two years, is identical to 5 U.S.C. § 7511(a)(1)(C)(ii)—granted appeal rights to individuals such as Ms. Van Wersch. (2) Subsection 7511(a)(1)(C)(i) apparently was added in the Senate in an effort to address objections of OPM to the House version of the bill. (3) Senator Pryor's remarks indicate that, by adding that subsection, the Senate would accommodate OPM's position that "excepted service personnel in probationary or trial positions should not be eligible for the protections [of appeal to the Board]." 136 Cong. Rec. at 20366. In other words, excepted service personnel in probationary or trial positions under an initial appointment pending conversion to the competitive service—such as Ms. Van Wersch—should not have a right of appeal to the Board.[6]

---

**6.** We note that, in interim regulations issued on May 11, 1992, OPM stated that the DPA granted procedural and appeal rights to certain nonpreference eligible individuals in the excepted service and that the purpose of the interim regulations was to clarify which employees the DPA covered and which it did not. *See* 57 Fed.Reg. 20041 (May 11, 1992). OPM stated that nonpreference eligible individuals with certain special types of appointments were not given appeal rights by the DPA:

> These special types of appointments are made with the intent of converting the employee to an appointment in the competitive service and provide noncompetitive conversion eligibility if the employee has satisfied eligibility requirements. Those requirements include a demonstration of satisfactory performance or training, and constitute the "probationary or trial period" referred to in 5 U.S.C. 7511(a)(1)(C)(i). Employees under these appointments have no procedural or appeal rights, but gain such rights upon conversion to the competitive service. These special appointments include ... certain Schedule A appointments of the severely disabled. ...

*Id.* OPM's current regulations, found at 5 C.F.R § 752.401, are consistent with this approach. 5 C.F.R. § 752.401(d) (1999) specifies individuals excluded from the class of individuals who have a right of appeal of the Board. It provides, in pertinent part:

> *Employees excluded.* This subpart does not apply to ... [a] nonpreference eligible employee serving a probationary or trial period under an initial appointment in the excepted service pending conversion to the competitive service.

5 C.F.R. § 752.401(d)(11) (1999). The subpart to which § 752.401(d)(11) refers is titled "Regulatory, Requirements for Removal, Suspension for More Than 14 Days, Reduction in Grade or Pay, or Furlough for 30 Days or Less." Within this subpart is 5 C.F.R. § 752.405(a) (1999), which provides:

> *Appeal rights.* Under the provisions of 5 U.S.C. 7513(d), an employee against whom an action is taken under this subpart is entitled to appeal to the Merit Systems Protection Board.

Thus, under OPM's regulations, a nonpreference eligible individual serving a probationary or trial period in the excepted service under an initial appointment pending conversion to the competitive service does not have a right of appeal to the Board.

## IV.

The case thus comes down to this: On the one hand, we have statutory language that could not be clearer. An individual is an "employee," as defined in 5 U.S.C. § 7511(a)(1)(C), if he or she meets the requirements of either subsection (i) or (ii) of the statute. On the other hand, we are confronted with legislative history which supports the government's argument that Congress intended to exclude from the definition of "employee" in § 7511(a)(1)(C) an individual who did not meet the requirements of subsection (i) of the statute, even if he or she did meet the requirements of subsection (ii).

Faced with this choice, we agree with Ms. Van Wersch's reading of the statute. To adopt the reading of the statute that the government urges would require us to ignore the meaning of the word "or" that the dictionary, common sense, and the experience of life all bring to us. There simply is no way around the fact that, in the English language, the word "or" unambiguously signifies alternatives. Moreover, we do not see how it could be argued that reading subsections (i) and (ii) in the alternative produces, on its face, an unreasonable or absurd result. *See Timex V.I., Inc. v. United States*, 157 F.3d 879, 886 (1998) (applying the "canon that a statutory construction that causes absurd results is to be avoided if at all possible"). We see nothing unreasonable or absurd about denying appeal rights to an individual who is serving a probationary or trial period under an initial appointment pending conversion to the competitive service if he or she has not yet completed two years of current continuous service, but at the same time drawing a distinction and granting appeal rights to an individual who has completed two years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to two years or less, even if that individual still is serving a probationary or trial period. In other words, it does not strike us as patently unreasonable or absurd to grant appeal rights to a person who has served in the government for more than two years even if that person has not yet been converted to the competitive service.

We thus conclude that, as the language of the statute provides, an individual is an "employee" if he or she meets the requirements of either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii). Any decisions of the Board to the contrary, *see, e.g., Taylor v. Department of the Navy*, 63 M.S.P.R. 99 (1994), *Kane v. Department of the Army*, 60 M.S.P.R. 605 (1994), are hereby overruled.[7] Since it is undisputed that Ms. Van Wersch meets the requirements of 5 U.S.C. § 7511(a)(1)(C)(ii), she is an "employee" as defined in the statute, and therefore is entitled to appeal her removal to the Board.

We note that the conclusion we reach today is consistent with the decision of this court in *Forest*. In that case, we held that the Board lacked jurisdiction over appellant Forest's appeal because he failed to satisfy the requirements of either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii). En route to that holding, we stated that "[s]ection 7511(a)(1)(C)(i) provides an *alternative*

---

**7.** By the same token, to the extent that OPM's regulations are contrary to the proposition that an individual is an "employee" if he or she meets the requirements of either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii), they are invalid. *See FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 32, 102 S.Ct. 38, 70 L.Ed.2d 23 (1981) ("[T]he courts are the final authorities on issues of statutory construction. They must reject administrative constructions of the statute, whether reached by adjudication or by rule-making, that are inconsistent with the statutory mandate or that frustrate the policy that Congress sought to implement."); *LaChance v. Devall*, 178 F.3d 1246, 1254 (Fed.Cir.1999) (" 'When an agency's interpretation of a statute it is entrusted to administer is contrary to the intent of Congress, as divined from the statute and its legislative history, we owe it no deference.' ") (quoting *Muwwakkil v. OPM*, 18 F.3d 921, 925 (Fed.Cir.1994) (citing *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 845, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984))).

definition of an excepted service 'employee' who is entitled to appeal an adverse action of the board." *Forest*, 47 F.3d at 412 (emphasis added).

 We have carefully considered the legislative history of 5 U.S.C. § 7511(a)(1)(C) and the government's argument based upon that history. Indeed, as noted above, we recognize the force of the government's argument as far as what the legislative history tells us about Congressional intent. If the language of § 7511(a)(1)(C) could fairly be read as ambiguous, the government would have a compelling case for its reading of the statute. *Cf. Hoechst Aktiengesellschaft v. Quigg*, 917 F.2d 522, 525, 16 USPQ2d 1549, 1552 (Fed.Cir.1990) (stating that "[w]hen faced with [statutory] ambiguity it is incumbent upon this court to examine the legislative history to discern Congress' intent"). However, the language of § 7511(a)(1)(C) cannot be so read. On the contrary, as indicated above, it is crystal clear. Under these circumstances, we are not prepared to allow the extant legislative history, which we have described above, to trump the irrefutably plain language that emerged when Congress actually took pen to paper. As we stated in *Amendola v. Department of Health & Human Services*, 989 F.2d 1180, 1182 (Fed.Cir.1993), "[w]hen a statute expresses its purpose in short, clear terms, the duty of the court is to apply the statute as written." We note that if Congress determines that individuals in Ms. Van Wersch's position should not have the right to appeal adverse actions to the Board, it can amend § 7511(a)(1)(C) so as to compel a result different from the one we reach today. *See Reid v. Department of Commerce*, 793 F.2d 277, 284 (Fed.Cir.1986) (" 'The remedy for any dissatisfaction with the results in particular cases lies with Congress' and not this court. 'Congress may amend the statute; we may not.' ") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 576, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). However, until Congress takes such action, we must apply the statute as written.

### CONCLUSION

For the foregoing reasons, the final decision of the Board dismissing Ms. Van Wersch's appeal for lack of jurisdiction is reversed. The case is remanded to the Board for adjudication of the merits of the appeal.

*REVERSED* and *REMANDED*