KASOLD,
Chief Judge, concurring in
part, dissenting in part:
Congress explicitly authorized in 38 U.S.C. § 1114(o) higher benefits for veterans with two “conditions” listed in subsections (l) through (n) of the same statute, provided no “condition” is considered twice in the determination. Although the Secretary agreed at oral argument that the loss of both feet does not regularly warrant aid and attendance,[5] the Board found that Mr. Breniser’s service-connected loss of both feet was such that he was in need of regular aid and attendance, two conditions listed in subsection (l) (i.e., loss of both feet and regular aid and attendance). Thus, under the plain reading of 38 U.S.C. § 1114(o ), Mr. Breniser is entitled to higher benefits. Yet, today the majority sanction a longstanding regulation, previously existing in “splendid isolation,” that is in clear contravention of the statute. Brown v. Gardner, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994) (noting the “splendid isolation” in which VA regulations existed for many years). This we should not do for the very same reasons stated in Brown v. Gardner.
The Secretary recognizes his regulation contravenes the statute, and this is most succinctly demonstrated by his need to substitute words for those chosen by Congress. Although Congress uses the word “disability” throughout section 1114 and only uses the word “condition” (and its plural) in subsection (o), the Secretary argues that Congress really meant to use “disability” instead of “condition.” Such re-drafting of legislation should not be condoned. Bradley v. Peake, 22 Vet.App. 280, 291 (2008) (“ ‘ “Congress expresses its intent through the language it chooses” and that the choice of words in a statute is therefore deliberate and reflective.’ ” (quoting Shoshone Indian Tribe v. United States, 364 F.3d 1339, 1347 (Fed.Cir.2004) (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 433 n. 12, 436, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)))); see also United *81 States v. LaBonte, 520 U.S. 751, 757, 117 S.Ct. 1678, 187 L.Ed.2d 1001 (1997) (“[W]e assume that in drafting this legislation, Congress said what it meant.”); Gardner, supra (rejecting a longstanding regulation that imposed a negligence requirement that was not in the statute); Barrett v. United States, 423 U.S. 212, 217, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) (“Congress knew the significance and meaning of the language it employed.... Had Congress intended to confíne [the statute], it would have so provided, just as it did in other sections.”).
The majority find support for the Secretary’s regulation in legislative history, but this support is elusive. First, legislative history cannot trump legislation. See, e.g., Van Wersch v. Dep’t of Health & Human Servs., 197 F.3d 1144, 1152 (Fed.Cir.1999) (holding that congressional intent, as expressed in legislative history, cannot “trump the irrefutably plain [statutory] language that emerged when Congress actually took pen to paper”). Second, the legislative history here is ambiguous at best, and any ambiguity in the text would be resolved in the veteran’s favor. Cf. Nat’l Org. of Veterans’ Advocates, Inc. v. Sec’y of VA, 260 F.3d 1365, 1378 (Fed.Cir.2001) (“[I]t is a well-established rule of statutory construction that when a statute is ambiguous, ‘interpretive doubt is to be resolved in the veteran’s favor.’ ” (quoting Gardner, 513 U.S. at 118, 115 S.Ct. 552)). The legislative history provides no clear elaboration on the statute’s use of the word “condition.” Rather, the legislative history primarily sheds light on Congress’s overarching purposes for implementing subsection (o), which were to (1) provide additional rates of compensation for veterans with “specific service-incurred disabilities in excess of total disability,” 91 Cong. Rec. at 1780, and (2) make “helplessness” compensable, Memorandum from O.W. Clark, Assistant Adm’r, Veterans Admin., to Frank T. Hines, Adm’r, Veterans Admin. (May 23, 1994). Congress’s intent, if anything, reflects its intent to provide benefits to our veterans based on their disabilities. Succinctly stated, nothing evinces an intent to deny a veteran needing aid and attendance due to a serious service-connected disability such as loss of both feet from receiving a greater benefit than a veteran who had loss of both feet but no need for aid an attendance.
The majority’s concern that the phrase “no condition being considered twice” would have no meaning if not rewritten as the Secretary desires is unfounded. As written by Congress, the phrase is clear and has clear meaning. See Bd. of Governors of the Fed. Reserve Sys. v. Dimension Fin. Corp., 474 U.S. 361, 368, 106 S.Ct. 681, 88 L.Ed.2d 691 (1986) (“The traditional deference courts pay to agency interpretation is not to be applied to alter the clearly expressed intent of Congress.”); see also Chevron, U.S.A., Inc. v. Nat’l Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). For example, benefits are provided for the loss of both feet in subsection (l) and for the loss of both legs in subsection (m). The veteran with loss of both legs is not entitled to the higher benefit in subsection (o) because he has loss of both legs, which includes loss of both feet. There are multiple, similar conditions in subsections (l) through (n) that Congress precluded from being considered twice under subsection (o).
For the reasons stated above, I dissent from the majority’s holding that Mr. Breniser is not entitled to a higher rate of SMC under 38 U.S.C. § 1114(o).
However, I agree with the majority that the Board, having denied benefits under subsection (o), erred in not considering benefits under subsection (p), which could *82 provide an equal or lesser benefit — although this issue could be mooted if Mr. Breniser were awarded benefits under subsection (o).

. See 38 C.F.R. § 3.352(a) (2011) (listing the criteria for being in need of "aid and attendance”: such as the inability to dress oneself, inability to keep oneself clean, inability to adjust a prosthetic or orthopedic appliance that a normal person would be able to adjust without aid, inability to feed oneself, inability to attend the wants of nature, and the incapacity to protect oneself).