NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAYLASAATHI TILLACKDHARRY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3176

---

Petition for review of the Merit Systems Protection Board in case no. PH0752100419-I-1.

---

Decided: January 12, 2012

---

MAYLASAATHI TILLACKDHARRY, of Bronx, New York, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before DYK, SCHALL, and MOORE, *Circuit Judges*.

PER CURIAM.

MaylaSaathi Tillackdharry appeals from the Merit Systems Protection Board (Board) decision dismissing her appeal for lack of jurisdiction. *Tillackdharry v. Dep't of State*, No. PH0752100419-I-1, slip op. at 3 (M.S.P.B. May 4, 2011). For the reasons discussed below, we *affirm*.

In May 2007, the U.S. Department of State (the agency) hired Ms. Tillackdharry as a Passport Specialist under the Federal Career Intern Program. This position in the excepted service required her to complete a two-year probationary period, during which she could be terminated at any time. In January 2009, Ms. Tillackdharry's supervisor informed her that she was recommending that Ms. Tillackdharry not be retained due to unsatisfactory performance. Ms. Tillackdharry asked whether she could oppose the conclusions underpinning the recommendation, but was told that while she could do so, she would still either have to resign or be removed. Ms. Tillackdharry resigned.

In May 2010, Ms. Tillackdharry filed an appeal with the Board in which she disputed the conclusion that her performance was unsatisfactory. She argued that the agency committed harmful procedural error by not allowing her to defend herself by arguing the merits of her case. In response to the government's motion to dismiss, the Board held that it lacked jurisdiction over Ms. Tillackdharry's appeal because she is not an employee under 5 U.S.C. § 7511(a)(1), and thus dismissed her appeal. The Board denied her subsequent petition for review. Ms. Tillackdharry now appeals the Board's decision to our court.

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo*. *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999). Ms. Tillackdharry has the burden of establishing that the Board has jurisdiction over her appeal by a preponderance of the evidence. *Id.*

In order to appeal a removal or constructive removal from employment to the Board, the appellant must be an "employee" as defined in 5 U.S.C. § 7511(a)(1). *Id.* at 1147-48. It is undisputed that Ms. Tillackdharry does not meet the definition of "employee" in either 5 U.S.C. § 7511(a)(1)(A) or (B). Section 7511(a)(1)(C) defines an employee as:

> an individual in the excepted service (other than a preference eligible)—
>
> (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
>
> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

The Board found, and Ms. Tillackdharry does not dispute, that she was serving a probationary period under an initial appointment in the excepted service. The Board

further found that Ms. Tillackdharry had not completed two years of current continuous service at the time of her resignation. As a result, the Board held that that Ms. Tillackdharry is not an employee within the meaning of 5 U.S.C. § 7511(a)(1)(C) and thus that it lacked jurisdiction over her appeal. Ms. Tillackdharry's appeal does not address the Board's jurisdictional holding, but instead argues that the Board's failure to consider the merits of her case constitutes harmful procedural error. For example, she urges us to evaluate her workload while at the agency to determine whether the agency correctly found her job performance to be unsatisfactory. Unfortunately, these arguments regarding the merits fail to establish the Board's jurisdiction over her appeal.

Because Ms. Tillackdharry has not shown that the Board's decision dismissing her appeal for lack of jurisdiction was erroneous, we affirm.

**AFFIRMED**

COSTS

No costs.