# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY B. SARRATT,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
PH-0752-14-0550-I-1

DATE: February 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Philip K. Miles, Esquire, State College, New York, for the appellant.

Lori L. Markle, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed the appellant's mixed case removal appeal as untimely without good cause for the delay. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant was a preference-eligible Sales, Services, and Distribution Associate for the agency. Initial Appeal File (IAF), Tab 5 at 19. The agency removed him for misconduct effective November 25, 2011. *Id*. at 19, 58-59. The decision letter informed the appellant of his review rights, including his Board appeal rights and his equal employment opportunity (EEO) complaint rights, as well as the time limits for pursuing those appeal rights. *Id*. at 59-60. On December 29, 2011, the appellant filed a formal EEO complaint concerning his removal. IAF, Tab 9, Exhibit 11.

¶3        At that time, the appellant had two other formal EEO complaints concerning two 7-day suspensions pending before an Equal Employment Opportunity Commission (EEOC) administrative judge. On January 20, 2012, he filed a motion to consolidate all three complaints. *Id*., Exhibit 13. On May 4, 2012, the EEOC administrative judge granted the motion to consolidate for purposes of a hearing. *Id*., Exhibit 16. In the meantime, however, on April 23, 2012, the agency issued a final decision in the appellant's removal complaint finding no discrimination and notifying the appellant of his right to file a Board appeal

within 30 days of the date he received the decision. IAF, Tab 5 at 38-56. It was not until February 11, 2014, that the EEOC administrative judge dismissed the appellant's request for a hearing on his removal complaint on the basis that it pertained to mixed-case subject matter and that any appeal rights from the final agency decision were to the Board. IAF, Tab 9, Exhibit 21. The appellant filed the instant Board appeal of his removal on February 25, 2014. IAF, Tab 1.

¶4      After notifying the appellant that his appeal appeared to be untimely, informing him of his burden regarding timeliness, and receiving evidence and argument on the issue, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause for the delay. IAF, Tab 7, Tab 10, Initial Decision (ID) at 2, 12. The administrative judge acknowledged the appellant's argument that he was confused by the consolidation order and believed that his removal complaint was still proceeding through the EEO process despite the April 23, 2012 final agency decision. ID at 5-6; IAF, Tab 1 at 1, Tab 8 at 8-9. However, she found that, notwithstanding the consolidation order, the appellant had been advised no fewer than four times throughout the process that he would have a right to a hearing only before the Board—not the EEOC—and that any appeal rights from the final agency decision would be to the Board. ID at 6-11; IAF, Tab 5 at 55-56, 59-60, Tab 9, Exhibits 11, 14. The administrative judge also found that the appellant's motion to consolidate failed to notify the EEOC administrative judge that one of the complaints that he was seeking to consolidate was a mixed case. ID at 10-11. Considering these matters, along with the length of the filing delay, the administrative judge found that there was no good cause to waive the deadline.[2] ID at 12.

---

[2] The appellant's union grieved his removal, and on November 7, 2013, an arbitrator denied the grievance. IAF, Tab 5 at 21-36. The administrative judge directed the parties to address the preclusive effect, if any, of that arbitration award. IAF, Tab 6. Ultimately, the administrative judge declined to reach the issue because she had decided the appeal on timeliness grounds. ID at 12 n.8. We likewise do not reach the issue of

¶5 The appellant has filed a petition for review, reiterating his arguments that his delayed filing was caused by his reasonable reliance on the EEOC administrative judge's consolidation order and that he demonstrated due diligence by filing his Board appeal promptly after the EEOC administrative judge dismissed his hearing request. Petition for Review (PFR) File, Tab 1 at 7-8, 10. He also argues that his appeal should be considered timely under 5 U.S.C. § 7702(f), which provides that an appeal that is timely filed with the wrong agency shall be treated as having been timely filed with the proper agency. *Id*. at 8-9. The agency has filed a response in opposition. PFR File, Tab 5.

¶6 We first address the issue of whether the instant appeal should be treated as timely under 5 U.S.C. § 7702(f). At the outset, we note that the appellant has raised this argument for the first time on petition for review without explaining why he did not raise it below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). In any event, even considering this argument, we find that 5 U.S.C. § 7702(f) does not apply to this situation. The text of the statute is as follows:

> In any case in which an employee is required to file any action, appeal, or petition under this section and the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed, the employee shall be treated as having timely filed the action, appeal, or petition as of the date it is filed with the proper agency.

5 U.S.C. § 7702(f). Under its plain terms, this section only applies to situations in which "the employee timely files the action, appeal, or petition with an agency other than the agency with which the action, appeal, or petition is to be filed." *Id*.; *see Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144,

---

whether that arbitration award precludes the Board from deciding the merits of this appeal or of any particular issues that this appeal presents.

1148 (Fed. Cir. 1999) (statutory construction begins with the language of the statute itself). This did not occur here. The appellant undertook no act of filing after he received the final agency decision until he filed the instant Board appeal nearly 2 years later. Instead, he did nothing, proceeding under the mistaken assumption that the EEOC would continue to process his claim. We find that the appellant's inaction is not tantamount to filing an appeal of the final agency decision with the EEOC. The appellant argues that he "unquestionably submitted his removal challenge to the EEOC in a timely manner," PFR File, Tab 1 at 9, but he appears to be referring to his formal EEO complaint and not to any timely but misdirected challenge to the final agency decision on that complaint. The appellant's initial timely filing of his EEO complaint does not afford him the protections of 5 U.S.C. § 7702(f) for filings that he neglected to make during subsequent stages of the appeals process.

¶7        Second, we address the issue of whether the appellant showed good cause for his filing delay. We agree with the administrative judge that the filing deadline in this appeal was 30 days after the appellant received the April 23, 2012 final agency decision, i.e., approximately May 28, 2012. ID at 10; IAF, Tab 5 at 38-56; *see* 5 C.F.R. § 1201.154(b); *see also Butler v. Department of Veterans Affairs*, 119 M.S.P.R. 112, ¶ 5 (2013) (documents placed in the mail are presumed to be received in 5 days). Thus, the appellant's February 25, 2014 Board appeal was untimely by 21 months. Apart from his argument regarding 5 U.S.C. § 7702(f), discussed above, the appellant does not dispute this finding.

¶8        Rather, the appellant argues, as he did below, that his filing delay was caused by his reasonable reliance on the EEOC administrative judge's consolidation order stating that he would receive further process from the EEOC with respect to his removal complaint. PFR File, Tab 1 at 7-8, 10. We agree with the appellant that the consolidation order implies that the EEOC would conduct a hearing on all three of his complaints, including his removal complaint, and that a reasonable person might be mislead by this order under some circumstances.

IAF, Tab 9, Exhibit 16; *see Forst v. Office of Personnel Management*, 97 M.S.P.R. 142, ¶ 7 (2004) (an appellant's confusion may be taken into account when determining whether there is good cause for an untimely filing). However, we find that the appellant himself was the ultimate cause of any confusion because the EEOC administrative judge's order was based on affirmatively misleading information that the appellant supplied. Specifically, the appellant told the EEOC administrative judge that his removal complaint concerned a notice of proposed removal, which is an action otherwise unappealable to the Board and would not be a basis for a mixed case. *Id*., Exhibit 13 at 5-6; *see Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶ 13 (2005) (the Board lacks jurisdiction under 5 U.S.C. chapter 75 over adverse action proposals); 29 C.F.R. § 1614.302(a)(1) (a mixed case complaint is a complaint of employment discrimination filed with a federal agency related to or stemming from an action that can be appealed to the Board). In addition, the appellant had already been informed twice before he filed his motion to consolidate that there would be no further proceedings before the EEOC after the agency issued its final decision. IAF, Tab 5 at 59-60, Tab 9, Exhibit 11. There is no evidence that the EEOC administrative judge became aware of the true nature of the appellant's complaint until the agency so informed her on August 26, 2013. IAF, Tab 9, Exhibit 17 at 8. Thus, we find no basis to conclude that the EEOC administrative judge misled the appellant; rather, it was the appellant who misled the EEOC administrative judge. We find that confusion that the appellant himself caused does not constitute good cause for his delayed filing in this appeal. *See Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (to establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case). Considering that the appellant was represented by an attorney throughout this process, that notwithstanding the consolidation order, he was on clear notice of his options for appealing the final agency decision and the time limits for doing so, and that the

21-month filing delay was excessive, we agree with the administrative judge that the appellant has not shown good cause to waive the filing deadline.  ID at 11-12; *see generally Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (factors that the Board will consider in determining whether there is good cause to waive a filing deadline), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                     _____
                                                  William D. Spencer
                                                  Clerk of the Board

Washington, D.C.