NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTHA J. HARVIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2016

---

Petition for review of the Merit Systems Protection Board in No. DC-0432-14-0154-B-1.

---

Decided: December 13, 2016

---

MARTHA J. HARVIN, Washington, DC, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Petitioner Martha J. Harvin appeals the final decision of the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction. *See Harvin v. Dep't of Agric.*, No. DC-0432-14-0154-B-1, 2016 WL 910548, at ¶ 1 (M.S.P.B. Mar. 9, 2016). We affirm.

BACKGROUND

Ms. Harvin is a former employee of the U.S. Department of Agriculture ("the Agency"). Resp't's App. 59. Due to her "unacceptable" performance and subsequent "fail[ure] to successfully complete" a performance improvement plan, the Agency informed Ms. Harvin that she would be removed from her position. *Id.* at 59, 71. On October 24, 2013, Ms. Harvin met with representatives of the Agency, who provided Ms. Harvin with the Agency's written decision on removal, effective that day, and explained that Ms. Harvin had the option to resign in lieu of removal. *Id.* at 105, 107–09. Later that day, Ms. Harvin resigned from her position. *Id.* at 110.

Ms. Harvin appealed her removal to the MSPB, and the administrative judge ("AJ") issued an initial decision dismissing Ms. Harvin's appeal for lack of jurisdiction to adjudicate voluntary resignations. *Id.* at 40−47. Ms. Harvin petitioned for MSPB review of the AJ's initial decision. *Id.* at 122–27. The MSPB determined that, inter alia, Ms. Harvin's "allegation that she attempted to withdraw her resignation [wa]s sufficient to constitute a nonfrivolous allegation that her resignation was involuntary" and, thus, remanded to the AJ for a hearing on this issue. *See Harvin v. Dep't of Agric.*, No. DC-0432-14-0154-I-1, 2015 WL 500793, at ¶ 8 (M.S.P.B. Feb. 5, 2015).

On remand, the AJ conducted a hearing on jurisdiction, weighed the evidence and the credibility of the parties' witnesses, and issued another initial decision finding that Ms. Harvin had failed to "communicate[] any desire to withdraw her resignation prior to its effective date" and that the Agency did not "refuse[], den[y], or

otherwise fail[] to act upon any such request." Resp't's App. 21. Therefore, the AJ dismissed her appeal for lack of jurisdiction. *Id.* Ms. Harvin filed a petition for MSPB review, and the MSPB denied the petition and reinstated the AJ's second decision as the MSPB's final decision. *See Harvin*, 2016 WL 910548, at ¶ 1.

Ms. Harvin timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

We must affirm final decisions of the MSPB unless they are, inter alia, "not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1), (3) (2012). We review determinations of the MSPB's jurisdiction de novo as questions of law and underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

II. The MSPB Properly Held That It Lacked Jurisdiction Because Ms. Harvin Did Not Rescind Her Resignation

"An employee . . . may submit an appeal to the [MSPB] from any action which is appealable to the [MSPB] under any law, rule, or regulation." 5 U.S.C. § 7701(a). The MSPB's jurisdiction "is not plenary," *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999); instead, it is "limited to those matters over which it has been given jurisdiction by law, rule, or regulation," 5 C.F.R. § 1201.3(a) (2016). To avoid dismissal for lack of jurisdiction, an employee must "make[] non-frivolous claims of [MSPB] jurisdiction" to be entitled to a hearing on jurisdiction and then "must prove jurisdiction by a preponderance of the evidence" at the hearing. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see* 5 C.F.R. § 1201.56(b)(2)(i)(A). The MSPB is authorized to hear

appeals related to removals, and "an involuntary resigna-
tion . . . is considered to be a removal . . . ."    5 C.F.R.
§ 1201.3(a)(1).   Conversely, "[a]n employee who voluntari-
ly resigns or retires has no right to appeal to the MSPB."
*Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340–41 (Fed. Cir.
2001) (citation omitted).

The sole issue on appeal is whether substantial evi-
dence supports the MSPB's finding that Ms. Harvin failed
to rescind her resignation before it became effective and,
thus, properly determined that it lacked jurisdiction over
her appeal.[1]   Federal employees generally may rescind
their resignation "at any time before it has become effec-
tive," 5 C.F.R. § 715.202(b), and the parties do not dispute
that Ms. Harvin resigned from her position effective
October 24, 2013, Resp't's App. 110 ("Let this serve as my
letter of resignation effective October 24, 2013 . . . ."). Ms.
Harvin thus must demonstrate that she rescinded her
resignation before October 24, 2013.   Substantial evidence

---

[1]   Before the MSPB, Ms. Harvin initially alleged
that her resignation was involuntary because the Agency
(1) subjected her to "duress, coercion, and misrepresenta-
tion"; (2) "made misleading statements on which [she]
relied to [her] detriment"; (3) "made [her] working condi-
tions . . . difficult   because   of   discrimination";   and
(4) denied her request to rescind her resignation "without
a valid reason."   Resp't's App. 102.   The MSPB deter-
mined that the first three of these allegations were frivo-
lous and, thus, were "insufficient to meet the nonfrivolous
allegation standard to establish [MSPB] jurisdiction."
*Harvin*, 2015 WL 500793, at ¶ 6.  Ms. Harvin's arguments
on appeal to this court are limited to her alleged attempts
to rescind her resignation.  *See generally* Appellant's Br.
Therefore, our analysis is similarly limited to that issue
alone.

supports the MSPB's finding that Ms. Harvin failed to make such a showing.

Ms. Harvin alleges that the MSPB committed two errors. First, Ms. Harvin avers that the Agency's IComplaint System records (Resp't's App. 94–101) "did not include . . . critical information," which purportedly would have demonstrated that she rescinded her resignation, and that the "MSPB failed to take into account the fact that [the Agency] never supplied a copy" of these records. Appellant's Br. 3. Although the MSPB determined that Ms. Harvin had failed to raise her argument as to these additional records below, it also found that the allegedly "crucial information" was "not of sufficient weight to warrant a different outcome from that of the initial decision." *Harvin*, 2016 WL 910548, at ¶ 10 (citation omitted). The IComplaint System records provide only brief descriptions of a series of meetings Ms. Harvin had with Agency representatives; they do not mention her resignation or use any language that could be construed as a discussion related to rescinding her resignation. Resp't's App. 96–98. Moreover, Ms. Harvin has not provided supporting documentation related to the allegedly "crucial information" to this court, and unsubstantiated allegations do not equal evidence. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1327 (Fed. Cir. 2009) ("[S]peculation does not constitute substantial evidence." (internal quotation marks and citation omitted)). We affirm the MSPB's determination that these records do not undermine the second decision by the AJ.

Second, Ms. Harvin contends that the MSPB failed to properly weigh the testimony of parties' witnesses because her witness's testimony establishes that she attempted to rescind her resignation. Appellant's Br. 3−4. Following the hearing on jurisdiction, the AJ summarized the testimony of each witness and then weighed the credibility of the testimony pursuant to the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R.

453, 458 (1987). *See* Resp't's App. 15–21; *see also Haebe v. Dep't of Justice*, 288 F.3d 1288, 1309 (Fed. Cir. 2002) (citing approvingly an AJ's use of the *Hillen* factors for credibility determinations). Based on this analysis, the AJ identified record evidence and two witnesses' testimony as support for its finding that Ms. Harvin had not rescinded her resignation. Resp't's App. 19–20. In contrast, the AJ found that Ms. Harvin's witness's testimony "merely supports [Ms. Harvin]'s claim that she tried to reach" an Agency representative, *not* that she attempted to rescind her resignation. *Id.* at 20. Neither Ms. Harvin nor the court has identified any record evidence that warrants a different conclusion. Therefore, we find that the MSPB properly weighed the evidence and applied the *Hillen* factors and that substantial evidence supports the MSPB's determination that Ms. Harvin failed to rescind her resignation.

## CONCLUSION

We have considered Ms. Harvin's remaining arguments and find them unpersuasive. For these reasons, the final decision of the Merit Systems Protection Board is

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.