**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SOPHIA X. HART,
          Appellant,

    v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
SF-0752-22-0558-I-1

DATE: April 9, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sophia X. Hart</u>, Arrowsmith, Illinois, pro se.

<u>Julie Nelson</u>, Golden, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

Effective December 6, 2020, the appellant was appointed to a GS-5 Support Services Specialist position in the excepted service, pursuant to the Schedule A hiring authority set forth in 5 C.F.R. § 213.3102(u). Initial Appeal File (IAF), Tab 8 at 8. It is undisputed that the appellant had no prior Federal service and is not preference eligible. IAF, Tab 1 at 1, Tab 8 at 8. On July 8, 2022, 1 year and 7 months into her employment, the agency notified the appellant that it was terminating her appointment during her 2-year trial period. IAF, Tab 1 at 8. The letter notified her that, as a trial period employee, she had no right to appeal her termination to the Board. *Id.* Nonetheless, the appellant filed a Board appeal challenging her termination on August 23, 2022. *Id.*

The administrative judge issued a timeliness order and two jurisdictional orders. IAF, Tabs 3-4, 10. In relevant part, the jurisdictional order explained that the appellant must make a nonfrivolous allegation that she meets the definition of an employee with Board appeal rights, as set forth in 5 U.S.C. § 7511(a)(1)(C). IAF, Tab 10 at 1-3. Both parties submitted numerous responses to the administrative judge's orders. IAF, Tabs 5, 7-9, 11, 13-16. Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID). He found that the appellant did not nonfrivolously allege that she was an employee pursuant to 5 U.S.C. § 7511(a)(1)(C) because she was not serving under an initial appointment pending conversion to the competitive service and she had not completed 2 years of current continuous service in the same or similar position other than a temporary appointment. ID at 7-8. He found that, even if the appellant was in a position pending conversion to the competitive service, she failed to nonfrivolously allege that she was not serving a probationary or trial period. ID at 7-8 n.5. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review

(PFR) File, Tabs 1, 3-4. The appellant has also filed a motion for leave to file additional documents. PFR File, Tab 7.

An employee in the excepted service, who is not preference eligible, has chapter 75 rights only if she qualifies as an employee under 5 U.S.C. § 7511(a)(1)(C). We agree with the administrative judge's conclusion that the appellant has not established jurisdiction under 5 U.S.C. § 7511(a)(1)(C)(ii) because she has not alleged that she completed 2 years of current continuous service in the same or similar positions. ID at 7. The appellant may establish jurisdiction under 5 U.S.C. § 7511(a)(1)(C)(i) if she nonfrivolously alleges that she was "not serving a probationary or trial period under an initial appointment pending conversion to the competitive service." We disagree with the administrative judge's finding that the appellant failed to nonfrivolously allege that she was serving in an initial appointment pending conversion to the competitive service. *Id.*

However, the U.S. Court of Appeals for the Federal Circuit in *Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144 (Fed. Cir. 1999), held that an appointment under 5 C.F.R. § 213.3102(u), the same regulation under which the appellant was appointed, was an appointment pending conversion to the competitive service.[2] We also disagree with the administrative judge's alternative finding that the appellant failed to allege that she was not serving a probationary or trial period. ID at 7-8 n.5. Neither the appellant's SF-50 nor her offer letter references a probationary or trial period. IAF, Tab 8 at 8, Tab 9 at 19-20.

---

[2] The administrative judge found that the agency's offer letter, which informed the appellant that there was no right of conversion to the competitive service, was evidence that the appointment was not pending conversion to the competitive service. ID at 7. However, that language merely mirrors 5 C.F.R. § 213.3102, which states that an agency *may* noncompetitively convert an employee to the competitive service after a period of satisfactory performance. 5 C.F.R. § 213.3102(u)(6) (emphasis added). We are unpersuaded that the language in the offer letter requires a different result. *See, e.g.*, *Ferguson v. Department of the Interior*, 59 M.S.P.R. 305, 307-08 (1993) (noting language in the appellant's SF-50, which stated, "may noncompetitively convert [her] to a career or career conditional appointment," and concluding that the appointment was pending conversion to the competitive service for purposes of jurisdiction).

Although, at times, the appellant asserted that she was serving a 2-year probationary period, *e.g.*, IAF, Tab 1 at 5, she asserted, at other times, that she was serving a 1-year probationary period, which she states she completed. *E.g.*, IAF, Tab 7 at 4. In support thereof, she filed a copy of the job announcement to which she applied, that noted a 1-year probationary period, IAF, Tab 9 at 27, and a message from her supervisor, which is ambiguous and could be read to support a finding that the trial period was either 1 or 2 years, IAF, Tab 7 at 13. Although the agency has disputed this evidence, the Board may not weigh evidence at the jurisdictional stage.[3] *See Baldwin v. Department of Veterans* Affairs, 109 M.S.P.R. 392, ¶ 11 (2008). Thus, we find that the appellant made a nonfrivolous allegation of jurisdiction, which entitles her to a jurisdictional hearing.

---

[3] To the extent the agency argues that a 2-year trial period is mandated by 5 C.F.R. § 213.3102(u), we disagree. IAF, Tab 15 at 4. In *Nelson v. Department of Health & Human Services*, 119 M.S.P.R. 276, ¶¶ 10-13 (2013), the Board overruled cases holding that the entire period of a special appointment, such as an appointment under Schedule A, was a probationary or trial period and held that the Board must determine whether the agency required an employee serving under a special appointment to serve a trial period.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.[4,5] On remand, the administrative judge shall afford the parties an opportunity to submit evidence and argument on whether the appellant was an employee as defined by 5 U.S.C. § 7511(a)(1)(C)(i) and shall hold a jurisdictional hearing if requested.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] We deny the appellant's motion for leave to file additional documents, which she described as relating to the merits of her termination, because they are not related to the issue of jurisdiction over this appeal. PFR File, Tab 7; 5 C.F.R. § 1201.114(a)(5).

[5] The administrative judge did not make findings as to the timeliness of this appeal, and we do not do so in the first instance. If the appellant establishes jurisdiction over her appeal on remand, the administrative judge shall make findings as to the timeliness of this appeal.