# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

OLIVER L. BAINES,

    Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,

    Agency.

DOCKET NUMBER
NY-0752-14-0159-I-1

DATE: August 22, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christine Polnak</u>, Albany, New York, for the appellant.

<u>Kenneth Kio</u>, Albany, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     On January 15, 2014, the agency terminated the appellant's appointment for unacceptable conduct during his 1-year probationary/trial period, which began on January 27, 2013. Initial Appeal File (IAF), Tab 4 at 13-14, 23; *see* IAF, Tab 1 at 1-2. The appellant had no prior federal civilian service at the time of this appointment. IAF, Tab 1 at 1, Tab 4 at 23. Although the agency's records show that the appellant received a Schedule A excepted appointment, IAF, Tab 4 at 13, 23, the agency informed the appellant that he could appeal to the Board on grounds set forth in 5 C.F.R. part 315, subpart H, which generally applies to competitive, not excepted, service positions, and the appellant asserted that he had received a competitive appointment, IAF, Tab 1 at 2.

¶3     The appellant filed a timely appeal challenging his probationary termination and requested a hearing. IAF, Tab 1. The appellant argued that the agency terminated him because of a 3-day incarceration that occurred during his probationary period in which he was wrongly accused. *Id.* at 3. The appellant stated that, during his incarceration, he was told by a supervisor that his

employment status would not be in jeopardy, but the agency subsequently relied on his incarceration as one of the reasons for his removal. *Id.* at 5.

¶4      The administrative judge issued an acknowledgment order notifying the appellant of his burden of establishing the Board's jurisdiction over his appeal, including notice of the limited regulatory right of appeal available to certain probationary employees and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights.  IAF, Tab 2 at 2-4.  Because the appellant failed to establish a factual dispute bearing on the issue of jurisdiction, the hearing he requested was not held, and the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID) at 2.  The appellant filed a petition for review challenging the dismissal of his appeal.[2]  Petition for Review (PFR) File, Tab 1.  The agency filed a response to the appellant's petition for review.  PFR File, Tab 3.

## ANALYSIS

¶5      Generally, the Board lacks jurisdiction over a probationary employee's appeal from a termination during the probationary period. *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010).  In order to establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of an "employee" in 5 U.S.C. § 7511(a)(1).  5 U.S.C. § 7513(d); *see Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  Based on the agency's documentation showing the appellant was appointed in the excepted service, the administrative judge considered whether the appellant satisfied the definitions pertinent to individuals in the excepted service.  ID at 4-5.  For an individual in the excepted service who is not a

---

[2] The appellant's petition for review appears to have been filed 2 days late, on April 10, 2014, rather than on April 8, 2014, the 35th day after the initial decision's date of issuance.  *See* 5 C.F.R. § 1201.114(e); *Ousman v. Department of Agriculture*, 110 M.S.P.R. 546, ¶ 4 (2009).  However, the appellant asserts that he did not receive the decision until March 27, 2014.  Petition for Review File, Tab 1 at 1.  Because the appeal must be dismissed for lack of jurisdiction, we do not reach the timeliness issue.

preference eligible, this means he must either: (1) not be serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) have completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C); *see Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999). For an individual in the excepted service who is a preference eligible, he would need 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B)(i).

¶6   On review, the appellant does not challenge the administrative judge's explained findings that he does not meet the definition of an "employee' under either 5 U.S.C. § 7511(a)(1)(B) or (C); but rather reiterates the arguments on the merits of his probationary termination. PFR File, Tab 1 at 1-2. The appellant's arguments are irrelevant to the issue of the Board's authority to review his probationary termination. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012). Based on our review of the record, we discern no basis to disturb the administrative judge's conclusion in this regard.

¶7   The Board would lack jurisdiction over this appeal even if the appellant were in the competitive service, as he claimed on the appeal form. He failed to make a nonfrivolous allegation that he satisfied the definition of an "employee" at 5 U.S.C. § 7511(a)(1)(A), which applies to individuals in the competitive service. He never alleged he was not serving a probationary or trial period under an initial appointment. IAF, Tab 1 at 2; *see* 5 U.S.C. § 7511(a)(1)(A)(i). Additionally, the record shows the appellant only had 11½ months of total federal service, and he did not make a nonfrivolous allegation that he completed 1 year of current continuous service. IAF, Tab 1 at 2; *see* 5 U.S.C. § 7511(a)(1)(A)(ii). Finally, even if the appellant were serving on a competitive appointment and thus could pursue an appeal on the limited grounds set forth at 5 C.F.R. § 315.806, *see Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶ 10 (2009), he

has not made a requisite allegation that his termination was based on partisan political reasons or marital status discrimination, or was based in whole or in part on reasons arising before his appointment, *see* 5 C.F.R. § 315.806(b), (c); *see also* 5 C.F.R. § 315.805 (setting forth procedures for terminating a probationary employee based on conditions arising before his appointment).

¶8        Accordingly, based on our review of the record, we find no reason to disturb the administrative judge's initial decision that the appellant's probationary termination appeal is not within the Board's jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.