**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANTHONY HARPER, JR., | DOCKET NUMBER |
| Appellant, | DE-315H-15-0184-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: July 10, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Harper, Jr., Chandler, Arizona, pro se.

Maxine N. Romero, Esquire, Phoenix, Arizona, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The agency appointed the appellant to a Medical Support Assistant position on November 18, 2012. Initial Appeal File (IAF), Tab 10 at 22. The Standard Form 50 (SF-50) documenting the appointment identified the position as a competitive service position. *Id.* Effective May 3, 2013, the agency terminated the appellant for failure to follow instructions and being absent without leave. *Id*. at 14. The record evidence shows that, prior to terminating the appellant, the agency issued a corrected SF-50 regarding his appointment that changed the position occupied data from competitive service to excepted service. *Id*. at 23. However, the SF-50 documenting his termination still identified the position as a competitive service position and indicated that he was being terminated during his probationary period for conduct. *Id*. at 14. The appellant filed an appeal of his termination with the Board, alleging that the termination was improper because he had followed his acting supervisor's instructions concerning his unexpected absence. IAF, Tab 1 at 5. He did not request a hearing. *Id*. at 2.

¶3        In the acknowledgment order, the administrative judge notified the appellant that a probationary employee in the competitive service may only appeal a termination based on prohibited partisan political or marital status discrimination, or, if his termination was based on matters that occurred prior to the appointment, then based on the agency's failure to provide him with the procedural protections required by 5 C.F.R. § 315.805.  IAF, Tab 3 at 3; *see* 5 C.F.R. § 315.806.  The administrative judge ordered the appellant to file evidence and argument addressing these issues or establishing that he is an "employee" as defined by 5 U.S.C. § 7511(a) with appeal rights under 5 U.S.C. chapter 75.  IAF, Tab 3 at 3-5.  Neither party responded to the order.  The administrative judge subsequently reopened the record on the issue of jurisdiction.  He ordered the agency to file certain forms from the appellant's Official Personnel File and allowed the appellant further opportunity to submit evidence and argument on the jurisdictional issue.  IAF, Tab 5.  The appellant did not substantively respond on the jurisdictional issue, but merely submitted copies of emails from his work colleagues concerning the circumstances of his termination.  *See* IAF, Tab 6 at 3-7.  The agency submitted into the record various documents, including SF-50s regarding his appointment and termination, and his Declaration for Federal Employment reflecting past military service but no prior federal civilian service.  IAF, Tab 10.

¶4        In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID).  The administrative judge found that the appellant does not meet the definition of employee under 5 U.S.C. § 7511, and thus is not an individual with Board appeal rights under 5 U.S.C. chapter 75.  ID at 3.  He noted that the appellant had stipulated that he was serving a probationary period at the time of his termination, and had not alleged prior civilian service.  ID at 4.  The administrative judge also found that the appellant made no allegation that he had been terminated on the basis of partisan politics or marital status, or for pre-appointment reasons within

the meaning of 5 C.F.R. § 315.805, and thus he failed to establish jurisdiction under 5 C.F.R. § 315.806.  ID at 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On review, the appellant makes no allegation of error in the administrative judge's analysis and findings regarding the Board's lack of jurisdiction over his termination appeal.  The petition for review consists solely of emails from the appellant's coworkers concerning the circumstances of his termination dated shortly after the issuance of the initial decision.  Petition for Review File, Tab 1 at 4-6.

¶6 The administrative judge correctly found that the appellant failed to show that the Board has jurisdiction over his appeal.  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).  *See* 5 U.S.C. § 7513(d).  The administrative judge reviewed the appellant's employment under 5 U.S.C. § 7511(a)(1)(A) and properly found that the appellant did not meet the definition of "employee" under this subsection, which applies to individuals in the competitive service.  ID at 3-4.  As noted by the administrative judge, the appellant has not disputed that he was serving a probationary period at the time of his termination approximately 5½ months after his appointment.  ID at 4; *see* IAF, Tab 1 at 3.  Although the appellant listed 22 years and 11 months of government service on his initial appeal form, the undisputed Declaration for Federal Employment and Statement of Prior Federal Service signed by the appellant clarified that he had past active and reserve duty service in the U.S. Army, but no prior federal civilian service.  *See* IAF, Tab 1 at 1, Tab 10 at 17-18, 25-28.  Thus, to the extent that the appellant was in the competitive service, the administrative

judge correctly found that he does not have the appeal rights of an "employee" under 5 U.S.C. § 7511(a)(1)(A).[2]

¶7        Nevertheless, even a probationary employee in the competitive service may have a regulatory right to appeal his termination under 5 C.F.R. § 315.806 in situations in which the agency's action was improperly based on partisan political reasons or marital status, or taken on improper procedures when the employee was terminated for reasons based in whole or in part on conditions arising before his appointment.   The appellant has not contested the administrative judge's finding that he made no such allegation.  ID at 5-6; *see* PFR File, Tab 1 at 4-6. Based on our review of the record, we find no basis to disturb the administrative judge's finding that, even if the appellant could bring an appeal on the grounds set forth at 5 C.F.R. § 315.806, he did not do so.

¶8        Given the conflicting variations of the appellant's SF-50s, we have also considered whether the appellant might be an "employee" with appeal rights under  5 U.S.C.  § 7511(a)(1)(B)-(C)  if  he  was  in  the  excepted,  rather  than competitive,  service.    A  preference  eligible  in  the  excepted  service  is  an "employee" under 5 U.S.C. § 7511(a)(1)(B) if he has completed 1 year of current continuous service in the same or similar positions in an executive agency.   A nonpreference-eligible individual in the excepted service is an "employee" within the meaning of 5 U.S.C. § 7511 only if he:  (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service[3]; or (2) has completed 2 years of current continuous service in the same or

---

[2] We note that the administrative judge stated in one place in the initial decision that the appellant failed to prove that he was an employee as defined in 5 U.S.C. § 7511(a)(1)(B), which appears to have been a typographical error because the administrative judge conducted a correct analysis for an individual in the competitive service under 5 U.S.C. § 7511(a)(1)(A).  Any such error is immaterial to the outcome and, as we explain below, the appellant does not meet any of the definitions of "employee" under 5 U.S.C. § 7511(a)(1)(A)-(C).

[3] There is nothing in the record suggesting that the appellant was serving in a position pending  conversion  to  the  competitive  service.    Thus,  he  does  not  satisfy  the

similar positions in an executive agency under other than a temporary appointment limited to 2 years or less.  5 U.S.C. § 7511(a)(1)(C); *Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999).  The appellant alleged that he was entitled to veterans' preference under 5 U.S.C. § 2108, and the record contains the appellant's Certificate of Release or Discharge from Active Duty.  IAF, Tab 1 at 1, Tab 10 at 35-36.  However, even if the appellant was a preference eligible in the excepted service, he was terminated less than 6 months after his appointment to federal civilian service and thus is not an "employee" under either subsection.

¶9      We find that the administrative judge correctly concluded that the appellant has presented no argument or basis for Board jurisdiction over his probationary termination appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

requirements of 5 U.S.C. § 7511(a)(1)(C)(i).  *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 12 (2009).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: 

_____
William D. Spencer
Clerk of the Board

Washington, D.C.