NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCOTT ANTHONY THOMPSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1038

---

Petition for review of the Merit Systems Protection Board in No. PH-0831-15-0076-I-2.

---

Decided: April 5, 2017

---

SCOTT ANTHONY THOMPSON, Smyrna, DE, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before WALLACH, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Petitioner Scott Anthony Thompson filed an appeal with the Merit Systems Protection Board ("MSPB") challenging the U.S. Office of Personnel Management's ("the OPM") decision finding him ineligible to receive his grandmother's death benefit. An MSPB administrative judge ("AJ") dismissed Mr. Thompson's appeal without prejudice to allow Mr. Thompson additional time to collect the requisite documentation to support his claim. *See Thompson v. Office of Pers. Mgmt.*, No. PH-0831-15-0076-I-1 (M.S.P.B. May 26, 2015) (Resp't's App. 10–11).

After Mr. Thompson's appeal was automatically re-filed with the MSPB, Mr. Thompson submitted additional documentation supporting his claim. In light of this additional documentation, the OPM rescinded the decision finding Mr. Thompson ineligible for the benefit and requested that the AJ dismiss Mr. Thompson's appeal for lack of jurisdiction. The OPM also waived the prohibition against ex parte communication and allowed the AJ to explain to Mr. Thompson the effect of the OPM's rescission. Mr. Thompson stated that he understood and did not object to the MSPB's dismissal of his appeal.

The AJ then issued an initial decision finding that the OPM's rescission of its decision divested the MSPB of jurisdiction over Mr. Thompson's appeal and dismissing the appeal. *See Thompson v. Office of Pers. Mgmt.*, No. PH-0831-15-0076-I-2 (M.S.P.B. Apr. 14, 2016) (Resp't's App. 7–9). Mr. Thompson petitioned for MSPB review of the Initial Decision, and the MSPB issued a final order denying Mr. Thompson's petition for review and affirming the Initial Decision. *See Thompson v. Office of Pers. Mgmt.*, No. PH-0831-15-0076-I-2, 2016 WL 5389595 (M.S.P.B. Sept. 26, 2016).

Mr. Thompson appeals the MSPB's Final Order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm.

## DISCUSSION

### I. Standard of Review and Legal Standard

We review determinations of the MSPB's jurisdiction de novo as questions of law and underlying factual findings for substantial evidence. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1101 (Fed. Cir. 2011). The MSPB's jurisdiction "is not plenary"; it is "limited to those matters specifically entrusted to it by statute, rule, or regulation." *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1147 (Fed. Cir. 1999); 5 C.F.R. § 1201.3(a) (2016). The appellant bears the burden of establishing the MSPB's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

### II. The MSPB Properly Dismissed Mr. Thompson's Appeal

The sole issue on appeal is whether the MSPB erred by dismissing Mr. Thompson's appeal for lack of jurisdiction. *See generally* Pet'r's Br. It did not.

"If [the] OPM completely rescinds a . . . decision, its rescission divests the [MSPB] of jurisdiction over the appeal in which that . . . decision is at issue, and the appeal must be dismissed." *Frank v. Office of Pers. Mgmt.*, 113 M.S.P.R. 164, 166 (2010) (citation omitted). Because the OPM rescinded its decision finding Mr. Thompson ineligible for the death benefit, the MSPB did not have jurisdiction to adjudicate Mr. Thompson's appeal and was required to dismiss it. *Id.* Mr. Thompson has not identified erroneous factual findings by the MSPB, nor has he demonstrated that the MSPB retained jurisdiction over his appeal. *See generally* Pet'r's Br. Therefore, Mr. Thompson has not satisfied his burden pursuant to 5 C.F.R. § 1201.56(b)(2)(i)(A), and we find that the MSPB did not err by dismissing Mr. Thompson's appeal.

CONCLUSION

Our opinion today does not mean that Mr. Thompson's claim to the death benefit has been denied. Mr. Thompson presented new evidence requiring reconsideration by the OPM of his death benefit claim. Resp't's App. 8–9, 20. Because the OPM must consider Mr. Thompson's new evidence first, the MSPB was required to dismiss Mr. Thompson's appeal to allow the OPM to consider that new evidence. If Mr. Thompson does not like the OPM's decision upon consideration of this new evidence, he may file a new appeal at the MSPB. *Id.* at 9. Accordingly, the MSPB correctly dismissed Mr. Thompson's appeal, and the Final Order of the Merit Systems Protection Board is

**AFFIRMED**