UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

TIFFANY ISAAC,
        Appellant,

     v.

DEPARTMENT OF STATE,
        Agency.

DOCKET NUMBER
AT-0752-17-0730-I-1

DATE: February 9, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tiffany Isaac</u>, Bishopville, South Carolina, pro se.

<u>Marianne Perciaccante</u>, Washington, D.C., for the agency.

<u>Elizabeth R. Amory</u>, Charleston, South Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     On November 29, 2015, the agency appointed the appellant, a nonpreference eligible, to an excepted-service GS-04 Student Trainee (Passport Specialist) position under the Pathways Internship Experience Program (IEP), pursuant to 5 C.F.R. § 213.3402(a), Schedule D.  Initial Appeal File (IAF), Tab 4 at 94, 97-98.  The appointment was intended to continue through the completion of the appellant's education and work requirements, and the agency had the option to noncompetitively convert her to a term or permanent competitive service position within 120 days after she successfully completed all program requirements.  *Id.* at 97; 5 C.F.R. § 362.204(b) (setting forth the circumstances under which an agency may noncompetitively convert an intern to a term or permanent appointment in the competitive service).  Eligibility requirements for the IEP include maintaining a cumulative grade point average (GPA) of at least 2.0, IAF, Tab 4 at 95, and the duration of the appointment is considered a trial

period, *id.* at 97.  Effective July 21, 2017, the agency terminated the appellant for failing to maintain a cumulative GPA of 2.0.  *Id.* at 129.

¶3        The appellant filed a Board appeal challenging her termination and requested a hearing.  IAF, Tab 1.  The agency filed a motion to dismiss the appeal for lack of jurisdiction.  IAF, Tab 5.  The administrative judge issued a show cause order in which she set forth the elements of proof required to establish that the appellant was an "employee" with Board appeal rights under 5 U.S.C. § 7511(a) and ordered the appellant to file evidence and argument on the jurisdictional issue.  IAF, Tab 7.  In response, the appellant stated that agency officials had discriminated against her[2] and had made "slanderous" statements about her; however, she did not address the jurisdictional issue.  IAF, Tab 8.

¶4        Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant was serving in a probationary period at the time of her termination and that there was nothing to suggest that she otherwise qualified as an employee within the meaning of 5 U.S.C. § 7511(a).  IAF, Tab 9, Initial Decision (ID) at 3.  The appellant has filed a petition for review, the agency has filed a response to the petition, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

The administrative judge correctly dismissed this appeal for lack of jurisdiction.

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant bears the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i).  A nonpreference eligible in the excepted service has a statutory right to appeal a termination if she qualifies as an

---

[2] The appellant did not identify the basis of the alleged discrimination.  IAF, Tab 8.

"employee" within the meaning of 5 U.S.C. § 7511(a)(1)(C). Subsection (C) defines an employee as an individual who: (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *see Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999) (holding that subsections (C)(i) and (C)(ii) of 5 U.S.C. § 7511(a)(1) are alternative means of establishing jurisdiction).

¶6    It is undisputed that the appellant was appointed to the excepted service, is not preference eligible, and did not meet the requirements of either 5 U.S.C. § 7511(a)(1)(C)(i) or (ii). Therefore, the administrative judge correctly found that the appellant failed to nonfrivolously allege facts that, if proven, would establish that she qualified as an "employee" with adverse action appeal rights under 5 U.S.C. § 7511(a)(1)(C).

¶7    For the first time on review, the appellant raises a claim of marital status discrimination and asserts that her marital status contributed to her termination. PFR File, Tab 1. In its decision letter effecting the appellant's termination, the agency erroneously notified the appellant that she could appeal her termination to the Board if she believed that it was motivated by partisan political reasons or marital status, or if the termination was based on preappointment reasons and the agency failed to follow proper procedures. IAF, Tab 4 at 129. Under 5 C.F.R. § 315.806, which applies to probationary employees in the competitive service, an appellant may establish jurisdiction over her termination appeal by showing that marital status or partisan political reasons account for the termination, or that the action was procedurally improper. Because the appellant's appointment was in the excepted service, however, she cannot avail herself of the rights accorded only to competitive-service employees. *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (holding that 5 C.F.R. § 315.806 applies only to

individuals in the competitive service). Accordingly, we do not consider the appellant's claim that she was subjected to marital status discrimination.[3]

¶8       To the extent that the appellant reasserts her claim of unspecified discrimination on review, we also do not consider that claim. Absent an otherwise appealable action, the Board cannot consider the appellant's allegations of discrimination. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that allegations of discrimination are not an independent source of appellate jurisdiction, and an underlying appeal within the Board's jurisdiction must first be presented for such allegations to be considered), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

¶9       Finally, the appellant argues on review that the agency improperly identified her appointment date as November 29, 2017, and she asserts that this error demonstrates a lack of "due diligence." PFR File, Tab 1. Contrary to the appellant's assertion, the record shows that the agency correctly identified the date of her appointment as November 29, 2015; however, the administrative judge incorrectly stated that the appellant was appointed on November 29, 2017, in the initial decision. ID at 2; IAF, Tab 4 at 9, 97. This typographical error does not warrant review of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

In sum, the administrative judge correctly found that the appellant failed to nonfrivolously allege that the Board has jurisdiction over this appeal. Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

---

[3] We also decline to address the appellant's marital status discrimination claim because she has not shown that it is based on new and material evidence that was unavailable despite her due diligence when the record closed. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.