# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAURA CLAUDETTE OYEDOKUN,<br>    Appellant, | DOCKET NUMBER<br>PH-0752-19-0381-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: July 18, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura Claudette Oyedokun, Baltimore, Maryland, pro se.

Melissa Mack, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proper standard for a nonpreference-eligible individual in the excepted service, we AFFIRM the initial decision.

## BACKGROUND

On January 22, 2019, the agency appointed the appellant, a nonpreference eligible, to the excepted service position of General Schedule-07 Dental Assistant. Initial Appeal File (IAF), Tab 6 at 8-9. The appointment was subject to a 1-year probationary period. *Id*. Effective July 26, 2019, the appellant was terminated during her probationary period based on the charges of unacceptable conduct and failure to follow infection control procedures. IAF, Tab 1 at 8-11.

The appellant appealed her termination to the Board. IAF, Tab 1. She did not request a hearing. *Id*. at 2. The administrative judge informed the appellant that the Board may lack jurisdiction over her termination appeal, set forth the jurisdictional standard applicable to individuals in the competitive service, and ordered her to file evidence or argument on the jurisdictional issue. IAF, Tab 2. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 6. The appellant did not respond to the jurisdictional order or the agency's motion.

The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1. He noted that the acknowledgment order provided the appellant with incorrect jurisdictional notice. ID at 3. He explained that, to be an "employee" in the excepted service with Board appeal rights, the individual must be a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions; if not a preference eligible, an individual who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service or who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.[2] ID at 2-3. The administrative judge stated that, as an "excepted probationer," the appellant was required to prove that she had completed 1 year of current continuous service in the same or similar position in an Executive agency under other than a temporary appointment limited to 1 year or less, and she did not satisfy this burden. *Id.* He considered whether her prior service met the requirements for tacking and found that it did not. ID at 3-4. The administrative judge therefore concluded that the appellant did not make a nonfrivolous allegation that she was an "employee" under 5 U.S.C. § 7511. ID at 4.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She asserts that she has years of Federal service in "comparable organization(s)" such as Walter Reed Army Medical Center and Bethesda Naval Hospital. *Id.* at 5. She indicates that she was employed by the Department of Defense (DOD) on January 31, 2011, and she transitioned to the agency on January 22, 2019. *Id.* at 7. She also asserts that she was "terminated as a permanent tenured employee while on [Family and Medical Leave Act (FMLA)] leave" after a car crash on her way home from work. *Id.* at 5-6. In support of her assertions, she provides, among other things, a Standard Form (SF)-50 showing a

---

[2] This is a correct statement of the law. 5 U.S.C. §§ 7511(a)(1)(B), (a)(1)(C).

general adjustment on November 7, 2018, and an FMLA Certification of Health Care Provider for Employee's Serious Health Condition.[3]  *Id.* at 12, 14.  The agency has responded in opposition to her petition for review.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has not made a nonfrivolous allegation that she is an employee under 5 U.S.C. § 7511(a)(1)(C).

Only an "employee," as defined under 5 U.S.C. chapter 75, can appeal an adverse action to the Board.  *Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 8 (2017), *aff'd sub. nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018); *see* 5 U.S.C. §§ 7511(a)(1), 7513(d).  In analyzing whether the appellant nonfrivolously alleged that she was an "employee" under 5 U.S.C. § 7511(a)(1), the administrative judge correctly identified the different standards for a preference eligible and a nonpreference eligible in the excepted service, but he did not make a finding as to her status.  ID at 2-3.  However, he concluded that, as an individual in the excepted service, the appellant was required to establish that she had completed 1 year of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 1 year or less, and she did not do so.  ID at 3.  The administrative judge's analysis appears to conflate the language in 5 U.S.C. § 7511(a)(1)(B) for a preference-eligible individual with 5 U.S.C. § 7511(a)(1)

---

[3] The appellant did not make arguments implicating the FMLA or provide such evidence below.  Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  In addition, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  However, the appellant's arguments and evidence may relate to the issue of jurisdiction, and the issue of the Board's jurisdiction is always before the Board and may be raised at any time.  *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).  Thus, we considered the appellant's submissions on review.  Because the agency did not have an opportunity to respond to such arguments and evidence below, we also considered the agency's response and documentation submitted on review.

(C) for a nonpreference-eligible individual. Because the appellant does not allege, nor does the record show, that she is a preference eligible, it was incorrect for the administrative judge to rely in any way on the standard in 5 U.S.C. § 7511(a)(1)(B). Nonetheless, because the administrative judge accurately identified in the initial decision how the appellant can meet her jurisdictional burden under 5 U.S.C. § 7511(a)(1)(C), he has essentially cured his error. *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

As a nonpreference eligible in the excepted service, the appellant may appeal her termination to the Board if she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C). *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). An "employee" under 5 U.S.C. § 7511(a)(1)(C)(i)-(ii) is defined as an individual in the excepted service (other than a preference eligible) "who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." *Martinez*, 118 M.S.P.R. 154, ¶ 5. The Board has jurisdiction if either section 7511(a)(1)(C)(i) or (ii) is satisfied. *Id.*

The appellant does not allege, and there is nothing in the record to suggest, that hers was an initial appointment pending conversion to the competitive service. Therefore, subsection 7511(a)(1)(C)(i) does not apply. *See Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1150 n.6 (Fed. Cir. 1999); *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 411-12 (Fed. Cir. 1995). Therefore, the only question is whether she has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. Current continuous service or employment means a period of employment or service that immediately precedes the action at issue without a break in service of a workday.

*Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011); *Beets v. Department of Homeland Security*, 98 M.S.P.R. 451, ¶ 7 (2005); 5 C.F.R. § 752.402(b).

The administrative judge considered whether the appellant's prior service met the requirements for tacking under subsection 7511(a)(1)(C)(ii). ID at 4. He noted that he provided the appellant with an opportunity to submit evidence on this issue, which she failed to do. *Id.* The appellant asserts on review that she entered Federal service with DOD on January 31, 2011, and transitioned to the agency on January 22, 2019. PFR File, Tab 1 at 7. With its response, the agency includes SF-50s showing that the appellant was employed as a DOD Dental Assistant from January 31, 2011, to March 2, 2018, when she resigned from her position, and that she was employed as an agency Dental Assistant from January 22, 2019, to July 26, 2019, when she was terminated from her position.[4] PFR File, Tab 3 at 9, 11-13, 18-20. Because the appellant does not allege, nor does the record show, that she completed 2 years of service in an agency position, she can establish jurisdiction under subsection 7511(a)(1)(C)(ii) only if her DOD prior service can be counted toward the current continuous service requirement. The appellant's appointment as an agency Dental Assistant was preceded by a break in service of more than a workday. PFR File, Tab 3 at 18-19. Therefore, the appellant has not made a nonfrivolous allegation that she satisfied the requirements of 5 U.S.C. § 7511(a)(1)(C)(ii).

For the reasons stated above, we find that the appellant has not made a nonfrivolous allegation that she was an "employee" under 5 U.S.C. § 7511(a)(1) (C)(i) or (ii).

<u>The appellant's remaining arguments are immaterial to the jurisdictional issue.</u>

The appellant asserts that the agency violated 29 C.F.R. § 825.220, which prohibits interference with an employee's rights under the FMLA. PFR File,

---

[4] We have considered this evidence because it is largely consistent with the appellant's allegations.

Tab 1 at 5. The Board will adjudicate an FMLA claim only in connection with an otherwise appealable action that is related to leave. *Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001). Such circumstances are not present here. We find that the appellant's receipt of FMLA leave has no bearing on whether she has made a nonfrivolous allegation of jurisdiction over this matter.

The appellant also raises arguments that pertain to the merits of the termination decision rather than the Board's jurisdiction over the appeal. PFR File, Tab 1. Any such arguments provide no basis to disturb the initial decision. *See Yakupzack v. Department of Agriculture*, 10 M.S.P.R. 180, 182 (1982) (stating that the Board's review of probationary terminations does not include a review of the merits of the termination action); *Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980) (finding that the sufficiency and propriety of the agency's misconduct allegations concern substantive issues that are immaterial to the appeal, unless the Board has jurisdiction over the probationary termination).

Thus, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.